IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 12-CR-10155-01-JTM
                                                No. 16-CV-1253-JTM

RASHON T. JOHNSON,

    Defendant.

## MEMORANDUM AND ORDER
## DENYING MOTION TO VACATE SENTENCE

Before the court is defendant Rashon T. Johnson's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and *United States v. Johnson*, 135 S.Ct. 2551 (2015). Dkt. 295. Defendant claims that he is "serving a sentence as a deemed career offender under the Sentencing Guidelines" and the career offender enhancement is unconstitutional under *Johnson*. The government says *Johnson* does not apply here. Dkt. 300. For the reasons stated below, the court agrees with the government and denies the motion to vacate sentence.

In *Johnson*, the defendant pleaded guilty to being a felon in possession of a firearm and the government sought an enhanced sentence based on the defendant's prior conviction for unlawful possession of a short-barreled shotgun, which the government argued met the definition of a "violent felony" under the Armed Career Criminal Act's residual clause. The United States Supreme Court found the residual clause unconstitutionally vague and held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [(ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), which concerns violent felonies,] violates the Constitution's guarantee

of due process." *Johnson*, 135 S.Ct. at 2563. *Johnson,* however, does not invalidate all career offender enhancements.

Here, defendant's sentence was not enhanced under the ACCA for a prior crime of violence. Defendant pled guilty to violations of 21 U.S.C. § 846, namely drug conspiracy (Count 2), attempt to possess marijuana with the intent to distribute (Counts 10, 16 & 29), travel in interstate commerce to carry on a drug trafficking offense (Counts 11, 17 & 30), use of a communication facility to facilitate a drug trafficking crime (Count 25), and money laundering (Count 38). He had two prior felony convictions for controlled substance offenses, which made him a career offender and enhanced his criminal history from V to VI. Dkt. 38, Presentence Investigation Report ("PIR") at p. 18, 23. "However, because the offense level otherwise applicable (37) [was] greater than that provided at USSG 4B1.1(b)(C), the offense level applicable for the instant offense [was] utilized. USSG §4B1.1(b)." *Id.* at 18. Based on this information, the court sentenced defendant to 262 months imprisonment, followed by five years of supervised release. That sentence was later reduced to 210 months pursuant to 18 U.S.C. § 3582(c).

The disputed sentence enhancement was based on 18 U.S.C. § 924(e)(2)(A), which concerns drug offenses, rather than § 924(e)(2)(B)(ii). Thus, *Johnson* is factually different and inapposite. Accordingly, the court finds no basis for granting the relief sought.

**IT IS THEREFORE ORDERED** this 16th day of August 2016, that defendant's motion to vacate (Dkt. 295) is **DENIED**.

s/ J. Thomas Marten
J. THOMAS MARTEN, Judge